**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-08-908-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| Handicapped & Disabled Workshops, Inc., also formerly known as Handi-Tech Company; Handi-Hope Industries, Inc.; Handi-Ship, LLC; Bruce D. Peeples; George Thomas; and Joshua D Abramson, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. #43. Plaintiff seeks default judgment against Defendants Handicapped & Disabled Workshops, Inc., Handi-Hope Industries, Inc., and Handi-Ship, LLC (collectively, "Defendants"). *Id.* No response has been filed, and the time for doing so has expired. For reasons explained below, the Court will grant the motion in part and deny it in part.

**I.   This Suit.**

Defendants are alleged to have engaged in a fraudulent telemarketing scheme by, among other things, selling common household products at exorbitant prices based on false statements that the sales would help handicapped employees of Defendants, shipping

unordered products to consumers and subsequently mailing invoices demanding payment from the consumers, harassing consumers through repeated and threatening phone calls and letters, and charging consumers' credit cards and bank accounts without authorization. Dkt. #3. The complaint asserts violations of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a) and 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-08, the FTC's Telemarketing Sales Rules, 16 C.F.R. Part 310, and the Unordered Merchandise Statute, 39 U.S.C. § 3009. *Id.* Plaintiff seeks injunctive relief, rescission or reformation of contracts, restitution, and disgorgement of ill-gotten monies. *Id.*

## II.     Plaintiff's Motion for Default Judgment.

Plaintiff's motion for default judgment requests that the receiver previously appointed in this case be permitted to take the necessary steps to wind down Defendants' businesses, liquidate their assets, and pay any net assets to Plaintiff to satisfy the requested monetary judgment. Dkt. #43 at 14-15, 17-18; *see* Dkt. #43-7 at 4-9. The Court will deny this request without prejudice. The request is more appropriately made in a separate motion rather than as part of Plaintiff's request for default judgment. *See, e.g.*, Dkt. ##39-40.

Plaintiff's motion also seeks a monetary judgment in the amount of $13,421,918. Dkt. #43 at 15-17; *see* Dkt. #43-7 at 3-4. Because Defendants' default has been properly entered pursuant to Rule 55(a) (*see* Dkt. ##21-23, 31, 34), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's request for an award of monetary damages because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff served process on Defendants more than four months ago. Dkt. ##21-23. Defendants have not answered or otherwise responded to the complaint. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of the Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). Plaintiff's complaint states plausible claims for relief under Rule 8 (*see* Dkt. #3), and Defendants have stipulated that Plaintiff is likely to succeed on its claims (*see* Dkt. ##27, 29). *See also* Dkt. #43 at 10-13. The second and third *Eitel* factors therefore favor a default judgment.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. Defendants, for nearly a decade, have engaged in fraudulent and predatory business practices resulting in major losses and inconvenience to consumers, many of whom are elderly. Dkt. #3 ¶¶ 12-29. Plaintiff has presented evidence showing that in the past three years alone Defendants have extracted more than $13 million from consumers through their unlawful activities. Dkt. ##43-2, 43-4, 43-5, 43-6. Given the duration and egregious nature of Defendants' misconduct, a default judgment in the amount of $13,411,918 is reasonable. This factor weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was reasonable, justified,

1  and properly documented).[1]

2  **D.   Possible Dispute Concerning Material Facts.**

3  Given the sufficiency of the complaint and Defendants' default (*see* Dkt. ##3, 34), "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

6  **E.   Whether Default Was Due to Excusable Neglect.**

7  Defendants were properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Dkt. ##21-23. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008); *see also United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

15  **F.   The Policy Favoring a Decision on the Merits.**

16  "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

23  **G.   Conclusion.**

24  Having reviewed Plaintiff's motion and supporting exhibits, and having carefully

---

[1] Plaintiff made a $10,000 computation error with respect to Handicapped & Disabled Workshops, Inc.'s 2007 tax return. *Compare* Dkt. #43-2 at 4 *with* Dkt. #43-4 at 2, 4. The Court accordingly will grant default judgment in the amount of $13,411,918, not the requested amount of $13,421,918.

- 4 -

considered the *Eitel* factors as a whole, the Court concludes that, pursuant to Rule 55(b), the entry of default judgment is appropriate as against Defendants Handicapped & Disabled Workshops, Inc., Handi-Hope Industries, Inc., and Handi-Ship, LLC in the amount of $13,411,918.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #43) is **granted in part** and **denied in part**. The motion is granted with respect to Plaintiff's request for an award of monetary damages (*see* Dkt. #43 at 15-17; Dkt. #43-7 at 3-4) and denied without prejudice with respect to Plaintiff's request for completion of the receivership (*see* Dkt. #43 at 14-15, 17-18; Dkt. #43-7 at 4-9).

2. Default judgment is entered in favor of Plaintiff Federal Trade Commission and against Defendants Handicapped & Disabled Workshops, Inc., Handi-Hope Industries, Inc., and Handi-Ship, LLC in the amount of **$13,411,918**.

DATED this 14th day of October, 2008.

David G. Campbell
United States District Judge