**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-08-908-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Handicapped & Disabled Workshops, Inc., also formerly known as Handi-Tech Company; Handi-Hope Industries, Inc.; Handi-Ship, LLC; Bruce D. Peeples; George Thomas; and Joshua D. Abramson, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") filed a complaint alleging that Defendants engaged in a fraudulent telemarketing scheme by, among other things, selling common household products to consumers at exorbitant prices based on false statements that the sales would help handicapped employees of Defendants. Dkt. #3; *see* Dkt. #48. The Court entered a stipulated preliminary injunction appointing attorney Matthew Callister as permanent receiver ("Receiver") over Defendants Handicapped & Disabled Workshops, Inc., Handi-Hope Industries, Inc., and Handi-Ship, LLC ("Corporate Defendants"). Dkt. #29. Default judgment has been entered against Corporate Defendants in the amount of $13,411,918. Dkt. #47.

On December 10, 2008, the Court issued an order directing the Receiver to wind down Corporate Defendants and discharge the receivership. Dkt. #55. The order required the

Receiver to file a final report detailing the steps taken to dissolve the Receivership Estate, including an accounting of finances and total assets and a description of what other actions, if any, must be taken to wind down Corporate Defendants. *Id.* at 5. The order further required the Receiver to mail copies of the final report to all known creditors of Corporate Defendants with a notice stating that any objections to paying assets of Corporate Defendants to satisfy the default judgment and the Receiver's fees and expenses must be filed within 30 days of the mailing of the final report. *Id.* The order permitted the Receiver to file supplemental reports describing subsequent actions (such as the completion of tax returns) taken by the Receiver. *Id.* The Court stated that it would then review the final report and, absent any objection, issue an order directing the Receiver to pay from the Receivership Estate all reasonable fees and expenses incurred by or on behalf of the Receiver and pay all remaining funds to Plaintiff as partial satisfaction of the default judgment. *Id.* at 5-6.

The Receiver filed a final report, accounting, and recommendation on March 25, 2009 ("Final Report"). Dkt. #56. The Final Report details the steps taken by the Receiver to wind down Corporate Defendants, but does not address the requirement that notice be provided to known creditors of Corporate Defendants. The Court therefore issued an order (1) directing the Receiver to promptly mail copies of the Final Report to all known creditors of Corporate Defendants with a notice regarding the filing of objections to the Final Report and (2) requiring the Receiver to notify the Court once the mailing is complete. Dkt. #58.

The Receiver has filed an errata to the Final Report (Dkt. #59), an application for an award of fees and expenses (Dkt. #61), and a proposed amended order (Dkt. #62). Having reviewed these filings, and the record as a whole, the Court concludes that some of the relief sought by the Receiver should be granted. The Court further concludes that additional information is needed before the Court can award the Receiver his fees and expenses and discharge the receivership. The Receiver shall, by July 17, 2009, file a report addressing his efforts to provide notice of the Final Report to all known creditors of Corporate Defendants (*see* Dkt. #55 at 5, Dkt. #58), any further actions needed to wind down Corporate Defendants, such as the completion of tax returns or further efforts to recover funds (*see* Dkt.

#55 at 5), the status of the disposition of remaining inventory (*see* Dkt. #56 at 5), and any other issues the Receiver wishes to raise with the Court. Once the notice requirement has been satisfied, and the time for filing objections to the Final Report has expired, the Court will determine whether the Receiver should be paid fees and expenses from the Receivership Estate and whether consumers of Corporate Defendants' products should be repaid prior to repayment of any creditors or other debts and liabilities incurred by Corporate Defendants prior to May 15, 2008. *See* Dkt. ##56 at 13, 62 at 2.

**IT IS ORDERED:**

1. Chuck Estes may be employed as the receivership accountant for the purpose of filing future tax returns on behalf of Corporate Defendants. Mr. Estes is awarded **$2,233.10** for his completion of Corporate Defendants' 2007 tax returns.

2. The Settlement and Release Agreement with John Hinson and Tenn Am Corporation is **approved**. John Hinson and Tenn Am Corporation are released from any future receivership claims in exchange for the payment of **$374,133.00**.

3. Any inventory of Corporate Defendants that the Receiver is not able to sell shall be donated to appropriate charities and the amount of the value shall be provided to Mr. Estes for a corporate tax deduction.

4. Any assets partially purchased with funds generated by Corporate Defendants shall be sold and the net proceeds shall given to Plaintiff for ultimate satisfaction of claims made by consumers, to pay creditors of Corporate Defendants, and/or to pay fees and expenses incurred by or on behalf of the Receiver. The funds shall be held by Plaintiff pending further order of the Court.

5. The Receiver shall file a status report consistent with this order by **July 17, 2009**.

6. Vacating Dkt. #60. Status report shall be due to the Court no later than

**July 17, 2009.**

DATED this 6th day of July, 2009.

_____
David G. Campbell
United States District Judge